**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE:    FRANCES SCARBOROUGH | : | Chapter 13 |
| | : | |
| Debtor | : | Bky. No. 07-15269ELF |

# M E M O R A N D U M

### I.

The Debtor commenced this case by filing a chapter 13 bankruptcy petition on September 10, 2007 ("the Present Case"). Presently before the court is the "Debtor's Motion for Continuation of the Automatic Stay Pursuant to 11 U.S.C. §362" ("the Motion").

Through the Motion, the Debtor seeks to extend the automatic stay pursuant to 11 U.S.C. §362(c)(3)(B) as to all of her creditors, including Chase Manhattan Mortgage ("Chase"). Chase is the holder of the purchase money mortgage on the Debtor's residential real property located at 5116 N. Warnock St, Philadelphia, PA 19141 ("the Property").

For the reasons set forth below, the Motion will be denied.

### II.

An analysis of the Motion requires a review of the unusual procedural history of the Debtor's prior bankruptcy case, docketed at Bky. No. 01-35194ELF ("the Prior Case"). The Prior Case was dismissed by Order of this court dated September 5, 2007. (Docket Entry No. 283).

I will not recount in exhaustive detail the procedural history of the Prior Case as the parties are well versed in that history and recently, I summarized that history in the bench opinion that immediately preceded the entry of the September 5, 2007 Order dismissing the Prior Case. See Prior Case Docket Entry No. 293. It is helpful, however, to identify the major events in the case leading to the dismissal of the Prior Case on September 5, 2007. Those events are set forth below:

- **10/31/01** -   Prior Case filed by the Debtor acting *pro se*

- **2/25/02** -   Chase filed proof of claim, secured by the Property, for $55,532.58 with prepetition arrearages of $27,465.89

- **7/26/02** -   the Debtor filed Adv. No. 02-858 ("the AP"), in an effort to reduce Chase's allowed secured claim to $13,000, that amount representing the asserted fair market value of the Property, see 11 U.S.C. §506(b)

- **10/14/03** -   bankruptcy court dismissed the AP on ground that 11 U.S.C. §1322(b)(2) precluded the relief requested by the Debtor

- **10/23/03** -   the Debtor filed a notice of appeal from the bankruptcy court Order dismissing the AP

- **12/27/04** -   the Debtor filed a proposed chapter 13 plan providing for a cure of Chase mortgage delinquency under 11 U.S.C. §1322(b)(5);

- **7/21/05** -   bankruptcy court issued written decision denying confirmation of the Debtor's plan on ground that the Debtor's inadequate income rendered the plan infeasible, see 11 U.S.C. §1325(a)(6)

- **8/1/05** -   the Debtor filed appeal from the bankruptcy court order dismissing the case[1]

- **8/28/06** -   Court of Appeals reversed the District Court Order affirming the 10/14/03 bankruptcy court Order dismissing the AP

---

[1]    Prior to February 14, 2006, the Hon. Kevin J. Carey presided over all of the proceedings in the Prior Case.

- 9/20/06 -  Court of Appeals' remand Order docketed in the bankruptcy court on the AP docket
- 4/11/07 -  U.S. District Court vacated bankruptcy court Order dismissing the main bankruptcy case and remanded the case for proceedings consistent with the Court of Appeals' decision

- 6/27/07 -  the District Court's remand Order was docketed in the bankruptcy court

Following all of these events, on July 10, 2007, Chase filed a motion for relief from the automatic stay ("the §362 Motion"). On July 31, 2007, the Debtor countered by filing a proposed amended chapter 13 plan. The Debtor's proposed plan assumed success in the AP and provided for payment of an allowed secured claim of $13,000.00 over a 60 month period.

A consolidated hearing on confirmation and the §362 Motion was held on August 28, 2007. At the conclusion of the hearing, I took the matter under advisement.

On September 5, 2007, I issued a bench opinion, denying confirmation of the Debtor's chapter 13, dismissing the bankruptcy case pursuant to 11 U.S.C. §1307(c) and denying the §362 Motion as moot.[2] On September 14, 2007, the Debtor appealed the September 5, 2007 dismissal

---

[2] In its §362 Motion, Chase challenged the Debtor's assumption that, in a case filed in 2001, she was entitled to propose a chapter 13 plan with a sixty (60) month term commencing in September 2007 (and therefore, ending in August 2012). The Debtor countered by arguing that she should not be penalized because the bankruptcy court erred by dismissing the AP in 2003, thereby precluding her from proposing a plan to pay Chase an allowed secured claim commensurate with the fair market value of the Property, see 11 U.S.C. §506(b), a value the Debtor considers to be far below the unpaid balance of the mortgage.

In my decision, I acknowledged that the prevailing view is that a debtor may not propose a plan with a term that exceeds sixty (60) months and that the sixty (60) month period commences when the first payment falls due under the first chapter 13 plan proposed by the debtor. See, e.g., In re Musselman, 341 B.R. 652, 655 -657 (Bankr. N.D. Ind. 2005) (collecting cases). I then reasoned that, assuming arguendo, that I had equitable discretion to toll the sixty (60) month period for the period following the bankruptcy court dismissal of the AP, the maximum plan term that the Debtor could propose was thirty-six (36) months. Based on the record made at the August 28, 2007, hearing, I concluded, for reasons similar to those articulated

Order.[3]  That appeal is pending.

On September 10, 2007, four (4) days before appealing the dismissal Order in the Prior Case, the Debtor filed another bankruptcy petition, thereby commencing the Present Case. On September 21, 2007, the Debtor filed a chapter 13 plan in which she proposed to pay the Trustee $300 per month for 60 months. This chapter 13 plan, like the last plan filed in the Prior Case, proposes a distribution to Chase of $13,000 in full satisfaction of Chase's secured claim.[4]

---

by Judge Carey when he denied confirmation of the Debtor's chapter 13 plan in 2005, that the Debtor's income was not adequate to fund a thirty-six (36) month plan. My decision was also based on the Debtor's failure to make an adequate showing that she would likely prevail in the AP and reduce Chase's allowed secured claim from an amount in excess of $55,000 to $13,000.

Since it appeared that the Debtor could not propose a feasible plan, I exercised my discretion under 11 U.S.C. §1307(c) to dismiss the case. See, e.g., Jablonski v. Internal Revenue Service, 204 B.R. 456, 458-59 (W.D. Pa. 1996), aff'd, 114 F.3d 1172 (3d Cir. 1997); In re Fricker, 116 B.R. 431, 442 (Bankr. E.D. Pa. 1990); 4 Collier on Bankruptcy ¶1307.04, at 1301-11 (15th rev. ed. 2006) ("Collier") (observing that a 1986 amendment to §105(a) of the Code presumably provides authority for sua sponte dismissal).

[3]    By Order dated September 28, 2007, I granted the Debtor's motion for leave to prosecute her appeal in forma pauperis. In granting the motion, I stated:

> In large part, my decision to deny confirmation of the Debtor's most recently proposed chapter 13 plan and to dismiss the case was based on a determination that the Debtor cannot afford to make the minimum payment required to obtain confirmation of a chapter 13 plan, which I estimated to be approximately $445/month. In other words, I was not persuaded that the Debtor could afford to make a relatively modest monthly chapter 13 plan payment. Her request for IFP status with respect to a $255 filing fee seems only to confirm my conclusions regarding the Debtor's financial inability to perform.

See Prior Case Docket Entry No. 296 (citation omitted).

[4]    On October 22, 2007, Chase filed a proof of claim asserting a secured claim for:

(1) a total amount in excess of $104,000, including over $20,000 in legal

On October 2, 2007, the Debtor filed the Motion and requested an expedited hearing. I granted the request for an expedited hearing. A hearing on the Motion was held and concluded on October 9, 2007. Chase and the Chapter 13 Trustee appeared through counsel and both opposed the Debtor's request for an extension of the automatic stay under 11 U.S.C. §362(c)(3). At the conclusion of the hearing, I took the matter under advisement. By Order dated October 10, 2007, with the parties' consent, the automatic stay was extended pending the ruling on the Motion.

### III.

Before addressing the merits of the Motion, the Debtor's current attempt to achieve financial rehabilitation through a chapter 13 bankruptcy case and prevent the foreclosure of her home must be put in historical perspective. The Prior Case and the Present Case were not the Debtor's only chapter 13 bankruptcy filings. Between 1992 and 1998, the Debtor filed three (3) other chapter 13 cases before the Prior Case:

- a chapter 13 case on October 13, 1992, dismissed by Order dated January 13, 1994 for failure to comply with the terms of a confirmed plan;[5]

- a chapter 13 case on May 25, 1994, dismissed on a motion of the

---

       expenses and an escrow deficit of more than $25,000; and

       (2) prepetition mortgage arrearages in excess of $80,000 (including the legal expenses and escrow deficit).

[5]    See Bky. No. 92-16272 (Docket Entry No. 25)

-5-

Chapter 13 Trustee by Order dated March 3, 1998;[6]

- a chapter 13 case filed on May 20, 1998, dismissed by Order dated October 30, 2001.[7]

Also, on February 20, 2004, while the Prior Case was pending, the Debtor filed still another chapter 13 bankruptcy case, docketed at Bky. No. 04-12462. That case was dismissed on motion of the Debtor by Order dated May 13, 2004.

Thus, prior to the Present Case, the Debtor filed a total of five (5) chapter 13 bankruptcy cases: in 1992, 1994, 1998, 2001 and 2004. In the one hundred and eighty (180) months between October 1992 and September 2007, the Debtor has been under the protection of the bankruptcy court for approximately one hundred thirty five (135) months.[8]

**IV.**

Section 362(c)(3) of the Bankruptcy Code provides, in pertinent part:

> if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

---

[6]   See Bky. No. 94-13274 (Docket Entry No. 85).

[7]   See Bky. No. 98-16484 (Docket Entry No. 120).

[8]   In making this calculation, I have excluded the period in which the appeal was pending with respect to the dismissal Order in the Prior Case (July 2005 through June 2007).

-6-

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

(C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--

    (i) as to all creditors, if--

        (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

        (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to--

            (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

            (bb) provide adequate protection as ordered by the court; or

            (cc) perform the terms of a plan confirmed by the court; or

        (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded--

            (aa) if a case under chapter 7, with a discharge; or

            (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and

    (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of

> dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor;

11 U.S.C. §362(c)(3).

Under §362(c)(3)(C)(ii), a rebuttable presumption exists that the Debtor did not file the Present case in good faith as to Chase. The rebuttable presumption arises because Chase's motion for relief from the automatic stay was pending in the Prior Case when the Prior Case was dismissed on September 5, 2007. To rebut that presumption and obtain an extension of the automatic stay under §362(c)(3)(B), the Debtor must prove by clear and convincing evidence that the Present Case was filed in "good faith" as to Chase. Clear and convincing evidence is evidence that produces in the mind of the trier of fact an abiding conviction that the truth of the factual contentions is highly probable. E.I. du Pont de Nemours & Co. v. MacDermid, Inc., 2007 WL 2332161, *8 (D.N.J. Aug.13, 2007) (unpublished); SmithKline Beecham Corp. v. Apotex Corp. 2005 WL 941671, at *7; see also In re Ellis, 339 B.R. 136, 141-42 (Bankr. E.D. Pa. 2006) (describing the standard as evidence "so clear, direct and weighty and convincing" as to enable the court to find the facts at issue "without hesitancy").

Good faith under 11 U.S.C. §362(c)(3)(B) is determined by a consideration of the totality of the circumstances. E.g., In re Ortiz, 355 B.R. 587, 593-94 (Bankr. S.D Tex. 2006); In re Montoya, 333 B.R. 449, 457-58 (Bankr. D. Utah 2005); see generally In re Ferguson, 2007 WL 3036857 (Bankr. E.D. Pa., October 19, 2007) (discussing totality of the circumstances test for determining good faith under 11 U.S.C. §362(c)(4)(B)). In considering whether a case has been filed in good faith, the court may consider the debtor's good faith in both subjective and objective terms. In re Winters, 2006 WL 3392890, at *3 (Bankr. W.D. Va. Nov. 22, 2006); In re

Mark, 336 B.R. 260, 268 (Bankr. D. Md. 2006); In re Charles, 334 B.R. 207, 218 (Bankr. S.D. Tex. 2005).

The role of the bankruptcy court in deciding whether to extend the automatic stay under §362(c)(3) has been described as follows:

> if the newly filed case is futile or if the debtor is filing merely to benefit from the "stay and delay," the Court must recognize this at the earliest possible time. In adopting § 362(c)(3), Congress intended the Court to conduct an early triage of a case . . . . Absent exceptional circumstances, a debtor fails to sustain her burden of demonstrating good faith as to the creditors to be stayed if the case lacks a reasonable likelihood of success.

In re Charles, 334 B.R. at 219.

In as case such as the Present Case, i.e., where a debtor files a bankruptcy case to prevent a foreclosure after previous chapter 13 cases were unsuccessful, the most significant considerations in evaluating good faith are: (1) why the previous plan failed, and (2) what has changed so that the present plan is likely to succeed.  See  In re Elliott-Cook, 357 B.R. 811, 815 (Bankr. N.D. Cal. 2006); see also In re Legree, 285 B.R. 615, 619 (Bankr. E.D. Pa. 2002) (similar analysis employed in context of deciding whether to grant debtor leave to file a new case notwithstanding entry of prior order prohibiting refiling).

With these principles in mind, I consider the Motion in the Present Case.

### IV.

At the October 9, 2007 hearing, the Debtor testified at some length.[9]  In her testimony, the

---

[9] The Debtor had testified previously at some length concerning her current financial situation at the hearing on confirmation and Chase's motion for relief from the automatic stay held on August 28, 2007 in the Prior Case. In effect, the Debtor's testimony on October 9, 2007 served as a "supplement" or "update" to her August 28, 2007 testimony.

Debtor acknowledged that her income and expenses had not changed between the dismissal of the Prior Case and the filing of the Current Case on September 10, 2007.[10] Nevertheless, the Debtor asserted that the Present Case was filed in good faith because, at the time it was filed, she expected that her income would increase soon from two sources: (1) employment as a secretary with the Philadelphia School District; and (2) additional, part-time employment providing "transcription services" to a company called Landmark Transcription. The Debtor acknowledged that, as of the hearing date, she had not yet been hired by the School District or received any compensation from Landmark Transcription and that her income was at the same level as before the dismissal of the Prior Case.[11] She also acknowledged that even if the two new jobs materialized, any additional income likely would be offset during the term of her proposed plan by a reduction in income from her other sources.[12]

On this record, I find that the Debtor has not proven, by clear and convincing evidence that the Present Case was filed in good faith as to Chase. I accept the Debtor's subjective good

---

[10] That income consisted of approximately $2,190 per month derived from a combination of rental income, child support and Social Security benefits. See Present Case Schedule I (Exhibit R-1).

[11] Therefore, it was not surprising that the Debtor testified that, as of the hearing date on the Motion, she had no savings. Her income during the first thirty (30) days of the Present Case was apparently consumed by her living expenses. These expenses did not include any payment of a monthly home mortgage installment or a chapter 13 plan payment. I do note, however, that the Trustee's Case Report, available to the public on the internet, reflects the posting of the Debtor's first plan payment of $300 on October 24, 2007, slightly more than two (2) weeks after the hearing on the Motion.

[12] The Debtor derives some income from child support and Social Security survivor's benefits. The Debtor's daughter is seventeen (17) years old. When her daughter reaches the age of majority, the income derived from child support and Social Security will be reduced or eliminated.

faith in filing her sixth (6th) bankruptcy case. Based on my observation of her demeanor and her dogged determination in this court and in the appellate courts, I am convinced that the Debtor seeks to employ the bankruptcy process for its intended use – specifically, use of the legal tools available in 11 U.S.C. §§506(b) and 1325(a) to pay Chase a reduced secured claim commensurate with the fair market value of her home, thereby preventing foreclosure and loss of her home. I accept that the Debtor's intentions are sincere. For several reasons, however, I do not find that the Present Case has a sufficient likelihood of success to merit the extension of the automatic stay.

First, the Debtor's evidence of her expected increased income was not persuasive. She presented no concrete evidence that either new source of employment income had materialized. Given the long history of this attempted bankruptcy rehabilitation in general, as well as under the specific requirements of the statute, I must hold the Debtor to a higher standard of proof. See 11 U.S.C. §362(c)(3)(B); see generally In re Yeager, 2004 WL 422049, *3 (Bankr. E.D. Pa. February 18, 2004) (in deciding whether to confirm a chapter 13 plan, the court may hold employ a higher standard of feasibility after the failure of prior bankruptcy cases).

Second, even if the Debtor's employment with the School District materializes, it is the same employment the Debtor represented would be a major funding source for the plan payments in the Prior Case. In that case, the Debtor's income was either inadequate or insufficiently stable to fund her proposed plan.[13] Based on the evidence presented on October 9, 2007, I saw no

---

[13] In making this statement, I am well aware that due to the bankruptcy court's dismissal of the AP in 2003 and later dismissal of the main bankruptcy case, the Debtor did not have a clear vehicle for making the plan payments and attempting to implement the type of chapter 13 plan that she felt that she was entitled to propose. Eventually, however, the Debtor prevailed on appeal in the Prior Case. Had she been saving the putative plan payments, she may

improvement in her financial situation.

Third, the underlying premise of the Debtor's chapter 13 rehabilitation theory is that the Chase secured claim (as to which a proof of claim in excess of $100,000 has been filed) will be allowed in the amount of only $13,000 due to the operation of 11 U.S.C. §506(b). At this late date, the Debtor has not presented evidence sufficient to persuade me that she has a reasonable prospect of success on that legal theory.

Finally, I cannot ignore the Debtor's multiple, prior rehabilitation efforts. By my calculation, the Debtor has been "in bankruptcy" for more than eleven (11) of the past fifteen (15) years. Even under the most tolerant of good faith standards, a debtor filing yet again would have to be able to establish at the outset of the case that the rehabilitation plan is concrete, in place and ready to proceed immediately. Unfortunately for the Debtor, her plan is based on income that she does not yet have. Also, her plan requires that she succeed in claims litigation against Chase and the likelihood of her success is only speculative at the present time. In short, the Debtor's effort to use chapter 13, yet again, is fueled on hopes and expectations and not on rehabilitation tools that are ready and dependable.[14]

---

have been in a position to implement her proposed plan after the matters on appeal were remanded to this court – assuming also that she could have prevailed in the AP and invoked 11 U.S.C. §506(b) successfully to reduce Chase's allowed secured claim to $13,000. However, the Debtor acknowledged at the confirmation hearing in the Prior Case that while the two (2) appeals were pending, her income had been insufficient to permit her to "save up" the money required to fund her plan. Thus, even if the appeals had not been necessary, it appears that the Debtor's income in the Prior Case was insufficient to implement her proposed chapter 13 plan.

[14] I have not even addressed, because I find it unnecessary to do so, the good faith issue that arises due to the fact that the Debtor has two open bankruptcy cases (the Prior Case on appeal and the Current Case), where both open cases are designed to treat the same assets and debts. There is legal authority suggesting that, in such circumstances, the newly filed case should be dismissed. E.g., In re Myers, 2007 WL 2428694 (Bankr. E.D. Pa., August 22, 2007). I note

**VI.**

For the reasons set forth above, the Debtor's Motion requesting the entry of an order extending the automatic stay pursuant to 11 U.S.C. §362(c)(3)(B) will be denied. An appropriate Order will be entered.

Date:   **October 25, 2007**

                                    **ERIC L. FRANK**
                                    **U.S. BANKRUPTCY JUDGE**

---

that the Trustee has filed a motion to dismiss the Present Case and a hearing is scheduled on that motion on November 27, 2007. I will defer further consideration of the issue until the hearing on the motion to dismiss.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:      FRANCES SCARBOROUGH     :     Chapter 13
                                    :
            Debtor                  :     Bky. No. 07-15269ELF

# O R D ER

**AND NOW,** for the reasons set forth in the accompanying Memorandum, it is hereby

**ORDERED** that the Debtor's Motion for Continuation of the Automatic Stay Pursuant to 11 U.S.C. §362 (Docket Entry No. 20) is **DENIED**.

Date:   October 25, 2007

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

**Counsel**
Frances Scarborough, *Pro Se*

Leslie E. Puida
Attorney for Chase Manhattan Mortgage